**Jimmie F. BRATTON; et al.,**
**Petitioners—Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent— Appellee.**

No. 03–73369.

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 2004.*

Decided June 22, 2004.

Jimmie F. Bratton, Los Angeles, CA, Sidnell F. Bratton, Los Angeles, CA, for Petitioners–Appellantse.

Charles S. Casazza, Clerk, U.S. Tax Court, B. John Williams, Jr., Esq., Shearman & Sterling, LLP, Gary R. Allen, Esq., Sara Ann Ketchum, Bruce R. Ellisen, Washington, DC, for Respondent–Appellee.

Before: LEAVY, THOMAS and FISHER, Circuit Judges.

MEMORANDUM **

Jimmie and Sidnell Bratton appeal pro se the Tax Court's decision granting the Internal Revenue Service's ("IRS") motion for entry of judgment based upon the parties' settlement agreement in the Brattons'

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

action for redetermination of a tax deficiency for 1998. We affirm.

The Tax Court's enforcement of a stipulation is reviewed for abuse of discretion. *See Bail Bonds by Marvin Nelson, Inc. v. Commissioner,* 820 F.2d 1543, 1547 (9th Cir.1987). A stipulation is treated as a conclusive admission by the parties to the stipulation unless otherwise permitted by the court or agreed upon by those parties. *See* Tax Ct. R. 91(e). The Tax Court will not permit a party to a stipulation to qualify, change, or contradict a stipulation in whole or in part, unless manifest injustice will result. *See Bail Bonds,* 820 F.2d at 1546.

Here, the Brattons negotiated the terms of, and stated on the record that they agreed to, the stipulations that were read into the Tax Court's record. The Brattons contend that they were misled by the IRS attorney, but the Brattons presented no evidence that their consent was procured by coercion or any misconduct by the government, or that enforcement of the stipulated agreement would be manifestly unjust. *See Bail Bonds,* 820 F.2d at 1548.

The Tax Court did not abuse its discretion by permitting late filing of the Commissioner's answer to the Brattons' petition. *See, e.g., Estate of Ashman v. Commissioner,* 231 F.3d 541, 542 n. 2 (9th Cir.2000).

AFFIRMED.